IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
10/24/2023
U.S. DISTRICT COURT
Northern District of WV

JOSHUA CHAD STICKEL

    Plaintiff,

v.                             CIVIL ACTION NO. __1:23-CV-84 KLEEH__

HARRISON COUNTY COMMISSION,
SHERIFF ROBERT MATHENY,
Sheriff of the Harrison County, West Virginia, and,
DEPUTY WILLIAM J. CUNNINGHAM,
Deputy Sheriff of the Harrison County Sheriff's Department.

    Defendants.

## COMPLAINT

COMES NOW Plaintiff, Joshua Chad Stickel, by and through his counsel, Sam H. Harrold, III, Esq., and the law firm of Mountain State Law, and states and alleges as follows for his complaint against Defendants, Harrison County Commission, Sheriff Robert Matheny, and Deputy William J. Cunningham.

## PREFACE

1.    This cause of action arises out of the First Amendment retaliation, false arrest, excessive force, and battery perpetrated on Plaintiff Joshua Stickel by Deputy Cunningham on from December 3, 2021, through December 11, 2021.

2.    This cause of action further arises out of the failure to train or modify the training to Deputy Sheriffs by Sheriff Robert Matheny and/or the Harrison County Commission, including but not limited to, matters related to the reasonable and appropriate use of force during arrests, and intervention in the excessive use of force by fellow Deputy Sheriffs.

3.      This cause of action is for monetary damages brought pursuant to 42 U.S.C. §1983 to repress the deprivation under color of state law of Plaintiff Joshua Stickel's clearly established rights as secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution against (1) Deputy Cunningham in his respective capacity as a duly-certified law enforcement officer employed by the Harrison County Sheriff's Department and/or Harrison County Commission, for his violations of Mr. Stickels right to freedom of speech, to be free from false arrest, free from assault, and to be free from the use of excessive force; and (2) Sheriff Robert Matheny and/or the Harrison County Commission for its unconstitutional policies, customs, and practices under *Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§1983, 1988.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of West Virginia; Harrison County Commission is the statutory governing body of Harrison County, West Virginia, and is the County Executive located within the Northern District of West Virginia; and, Sheriff Matheny is the elected Executive Officer of the Harrison County Sheriff's Department also located with the Northern District of West Virginia.

## PARTIES

6.      Plaintiff, Joshua Chad Stickel ("Plaintiff"), was at all time relevant hereto, a citizen of the United States and Harrison County, West Virginia.

7.      Defendant, Harrison County Commission, was at all times relevant hereto, a political subdivision of the State of West Virginia, organized and existing under and by virtue of the laws of West Virginia and is the statutory governing body of Harrison County, West Virginia, and is the County Executive.

8.      Defendant, Robert Matheny, Sheriff of Harrison County, West Virginia (hereinafter "Sheriff Matheny"), is and was at all times relevant hereto the elected Constitutional Officer of the Harrison County Sheriff's Department. Upon information and belief, Sheriff Matheny has authority over the unconstitutional policies, customs, and practices of his department.

9.      Upon information and belief, Defendant Deputy William J. Cunningham (hereinafter "Deputy Cunningham") is and was at all times relevant hereto a citizen of the United States and the State of Alabama.

10.     Deputy Cunningham was, at all times relevant hereto, employed by the Harrison County Sheriff's Department and/or the Harrison County Commission as a duly appointed and sworn law enforcement officer and was acting  under color of state law and within the scope of his employment.

## FACTUAL ALLEGATIONS

11.     On or about December 3, 2021, Plaintiff was walking near a rural county roadway in Harrison County, West Virginia.

12.     On or about December 3, 2021, Deputy Cunningham was on patrol in a Sheriff's Department cruiser and in uniform.

13.     On or about December 3, 2021, Deputy Cunningham drove his cruiser past the Plaintiff at an excessive rate of speed on the same rural roadway.  Plaintiff subsequently yelled at Deputy Cunningham's cruiser to "slow down" as he felt the deputy was not adhering to the posted

speed limit in that area and the excessive speed was endangering his well-being and safety, as well as others in the community.

14.    Upon hearing Plaintiff, Deputy Cunningham stopped his cruiser on the side of the roadway and engaged in a verbal confrontation with the Plaintiff.  After exiting his cruiser, Deputy Cunningham demanded the Plaintiff identify himself, provide his name, or call the Sheriff's Department so that Deputy Cummingham could obtain his information. Deputy Cunningham further asked Plaintiff how many times had he been to jail, which Plaintiff perceived as a threat.

15.    Rather than de-escalating a situation on December 3, 2021, which was caused exclusively by Deputy Cunningham because Plaintiff was exercising his first amendment right, Deputy Cunningham continued to yell from across the road, suggesting that Mr. Stickel was a "Jailhouse Attorney" and aggressively insinuating that Plaintiff had a lengthy criminal past.

16.    Following this interaction Deputy Cunningham left the scene without obtaining any personal information from Plaintiff, including specifically his name.

17.    Plaintiff recorded the December 3, 2021, interaction openly on his cell phone and shared the interaction to Facebook to spread awareness to the members of his community regarding Deputy Cunningham's conduct.

18.    Thereafter, on December 6, 2021, Deputy Cunningham filed a criminal complaint against the Plaintiff for allegedly operating a motor vehicle on a revoked license.

19.    The criminal complaint by Deputy Cunningham states that on December 5, 2021, he spotted a male driving on Glady's Hollow Road who he believed to be Joshua Stickel.

20.    According to the criminal complaint, Deputy Cunningham did not perform a traffic stop on the vehicle nor did he make a positive identification on the driver of the motor vehicle.

21.     Regardless of not knowing the Plaintiff on December 3rd or being able to identify the driver of a moving vehicle definitively, Deputy Cunningham proceeded to locate the Plaintiff's residence through dispatch.  Then upon his arrival at the Plaintiff's residence located at 6 Galo Drive, Reynoldsville, WV, Deputy Cunningham proceeded to call the Plaintiff from his residence and demand his identification. Deputy Cunningham further noted his awareness that Plaintiff had previous convictions for driving on a revoked license.

22.     When Plaintiff declined to provide his information to Deputy Cunningham, Deputy Cunningham advised him that he was aware of his name and the status of his license, at which time the Plaintiff retreated into his home to avoid further confrontation with Deputy Cunningham.

23.     At no point in time on December 5, 2021, did Deputy Cunningham advise the Plaintiff he was being detained or under arrest for any reason.

24.     The actions of Deputy Cunningham on December 5, 2021, by investigating a driving revoked "observation" was targeting of the Plaintiff and solely based on animosity from the parties previous interaction on December 3, 2021, and not based on any factual information of the crimes alleged in the criminal complaint.

25.     Upon information and belief, following the December 3, 2021, verbal altercation with Plaintiff, Deputy Cunningham investigated previous convictions of Plaintiff in an effort to manufacture a false arrest.

26.     Following Plaintiff's refusal to discuss the driving revoked allegations and investigation on December 5, 2021, Deputy Cunningham sought a felony warrant for Plaintiff.

27.     Deputy Cunningham's report and application for a felony warrant states that because of Plaintiff's violent nature, assistance would be required to apprehend Plaintiff.

28.     Upon information and belief, Plaintiff has no arrests for violent acts.

29.    On December 11, 2022, Deputy Cunningham with assistance from four (4) additional Deputy Sheriffs and a K9 unit, arrived at Plaintiff's residence and surrounded his dwelling at gunpoint.

30.    Upon information and belief, in the year 2021 it was not the standard practice, procedure, or allocation of law enforcement resources to initiate and pursue arrest warrants for motor vehicle violations at a suspects' residence and under the employed tactics by the Harrison Count Sheriff Department deputies.

31.    Following the deputies announcement at the residence, Plaintiff complied with the deputies requests and exited his residence with his hands raised.

32.    Plaintiff was immediately placed in handcuffs and a deputy proceeded to pat- down his clothing.

33.    Once it was determined Plaintiff didn't possess a weapon, they escorted him from his porch to a roadway where they again began a pat-down of his clothing.

34.    While a deputy was checking Plaintiff's leg, Deputy Cunningham initiated a "headlock" upon the Plaintiff, lifted the Plaintiff in the air, and "body slammed" him head first onto the pavement.

35.    Plaintiff was restrained by handcuffs and, therefore, had no means to prevent himself from hitting the pavement headfirst.

36.    Upon impact, Plaintiff suffered a serious laceration to his head which required medical attention.

37.    While on the ground Deputy Cunningham proceeded to place forceful pressure on Plaintiff's head until Plaintiff's mother requested a deputy assist and remove Deputy Cunningham from him.

38.     While on top of Plaintiff and pressing his head onto the pavement, Deputy Cunningham told Plaintiff's mother that "he could care less about him, he's nobody."

39.     After causing significant injuries to Plaintiff without provocation or justification, Deputy Cunningham locked arms with Plaintiff and proceeded to escort him to his cruiser.

40.     While escorting Plaintiff to his cruiser, Deputy Cunningham proceeded to berate Plaintiff in an attempt to provoke him to violence.

## COUNT I - BATTERY

41.     Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

42.     With maliciousness and contempt for the Plaintiff, Deputy Cunningham placed the Plaintiff in a headlock and body slammed his head upon a roadway as described above. Deputy Cunningham's actions were done at a time when the Plaintiff was handcuffed and presented no threat to Deputy Cunningham or the assisting deputies.

43.     Deputy Cunningham's maliciousness and contempt for the Plaintiff is highlighted by his statement to Plaintiff's mother that "he could care less about him, he's nobody."

44.     As a result of the aforementioned, Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is, therefore, entitled to punitive damages, attorney fees and costs.

## Count II – 42 U.S.C. § 1983
### Use of Excessive Force and Seizure without Cause in Violation of the Fourth Amendment of the United States Constitution.

45.     Plaintiff incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

46.    The conduct of Deputy Cunningham identified in this count and described herein as a deputy sheriff constituted excessive force and seizure of Plaintiff's person without probable cause in violation of the Fourth Amendment of the United States Constitution and clearly established law.

47.    At all material times hereto, Deputy Cunningham was acting under color of state law, as an agent and employee of the Harrison County Commission, and within the scope of his employment and authority as a duly certified law enforcement officer of Harrison County, West Virginia.

48.    At all material times, Deputy Cunningham had no reason to believe that Plaintiff was armed, dangerous, or violating any laws.

49.    At all material times, Deputy Cunningham did not have a reasonable fear of imminent bodily harm as he interacted with Plaintiff on either December 3, 2021, December 5, 2021, or December 11, 2021.

50.    At all material times, Deputy Cunningham did not have a reasonable fear of imminent bodily harm when he launched an unprovoked attack on Plaintiff while he was handcuffed on December 11, 2021.

51.    At all material times, Deputy Cunningham did not have a reasonable fear of imminent bodily harm when he placed Plaintiff in a headlock and body slammed his head onto the roadside pavement.

52.    Deputy Cunningham's use of force in the form of placing Plaintiff in a headlock and body slamming his head onto the roadside pavement was objectively unreasonable, unprovoked, and violated clearly established law.

53. As a result of Deputy Cunningham's unjustified, excessive, and illegal use of force, Plaintiff experienced conscious pain and suffering.

54. As a result of Deputy Cunningham's unjustified, excessive, and illegal use of force, Plaintiff experienced serious physical injuries.

55. As a result of Deputy Cunningham's unjustified seizure of Plaintiff's person, and his subsequent incarceration, Plaintiff's experienced conscious pain and suffering.

56. Deputy Cunningham never had a reasonable fear of imminent bodily harm, nor did he have a reasonable belief that any other person was in danger of imminent bodily harm from Plaintiff at any point in time.

57. As a direct and proximate result of the acts and omissions described herein, Plaintiff suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

58. Punitive damages are available and are hereby claimed as a matter of federal law pursuant to *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading requirements, limitations, or different standard of proof set forth in W. Va. Code Section 29-12A-7.

59. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

### Count III – 42 U.S.C. § 1983
### Retaliation and Use of Excessive Force in Violation of First Amendment of the United States Constitution.

60. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

61.     When alleging a First Amendment retaliation claim, a Plaintiff must show "(1) that [plaintiff's] speech was protected; (2) defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship exists between [plaintiff's] speech and the defendant's retaliatory action." See *Dickerson v. Duncan*, Civil Action No. 7:19CV00802, 2020 U.S. Dist. LEXIS 2543, at 6-7 (W.D. Va. Jan. 7, 2020) (internal quotations omitted) (citing *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685-86 (4th Cir. 2000)).

62.     Deputy Cunningham, while acting under the color of the law, violated the Plaintiff's constitutional rights by manufacturing a felony charge against him, using excessive force against him, and effectuating an arrest upon him for speaking mere words to Deputy Cunningham on or about December 3, 2021.

63.     Deputy Cunningham, while acting under the color of the law, violated the Plaintiff's constitutional rights by manufacturing a felony charge against him, using excessive force against him, and effectuating an arrest upon him for recording a video of Deputy Cunningham using his cell phone on or about December 3, 2021.

64.     Deputy Cunningham, while acting under the color of the law, violated the Plaintiff's constitutional rights by using excessive force against him and effectuating an arrest upon him for his mother/agent recording a video of Deputy Cunningham using her cell phone on or about December 11, 2021.

65.     Taking photographs, video, and audio in public spaces, much like speaking in a public space, is a right protected by the First Amendment to the United States Constitution, which necessarily includes recording video of law enforcement officials carrying out their duties in public.

66.     Deputy Cunningham took retaliatory action against the Plaintiff that adversely affected the Plaintiff's constitutionally protected speech, when he manufactured a felony charge against him, used excessive force against him, and effectuated an arrest upon him for recording a video of Deputy Cunningham using his cell phone on or about December 3, 2021.

67.     The attack by Deputy Cunningham was directly motivated by the Plaintiff speaking mere words and/or recording video with his cell phone on a public rural roadway.

68.     Deputy Cunningham's lacked reasonable suspicion or probable cause when he took the retaliatory actions described above against Plaintiff.

69.     As a direct and proximate result of the acts and omissions described herein, Plaintiff suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

70.     Punitive damages are available and are hereby claimed as a matter of federal law pursuant to *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading requirements, limitations, or different standard of proof set forth in W. Va. Code Section 29-12A-7.

71.     Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

### Count IV – 42 U.S.C. § 1983
### Monell Liability[1]

72.     Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

73.     The Harrison County Commission is the statutory governing body of Harrison County, West Virginia, and is the County Executive.

---

[1] *Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978).

74.     Robert Matheny, Sheriff of Harrison County, is and was at all times relevant hereto the elected Constitutional Officer of the Harrison County Sheriff's Department.

75.     The Harrison County Commission does not address the roles and duties of the Sheriff of Harrison County or otherwise identify the responsibilities of the person tasked with training deputy sheriffs on the policies and procedures in the Harrison County Sheriff's Department.

76.     Unless otherwise stated, Sheriff Robert Matheny has control of the Harrison County Sheriff's Department.

77.     Upon information and belief, Sheriff Robert Matheny has final policymaking authority with regard to establishing written policies and training programs governing the conduct of deputy sheriffs employed by the Harrison County Commission to perform policing functions.

78.     The written policies and training established and/or approved by Sheriff Robert Matheny constitute the official policy of the Harrison County Commission and were the moving force behind and caused Plaintiff's injuries.

79.     The lack of training, lack of accountability, and culture of non-compliance with policies within Harrison County Sheriff's Department were the moving force behind and caused Plaintiff's injuries. This is particularly notable by the number of deputies who aided and condoned Deputy Cunningham's unconstitutional conduct toward the Plaintiff from December 3, 2021 through December 11, 2021.

80.     The lack of training, lack of accountability, and culture of non-compliance with Harrison County Sheriff Department policies established by Sheriff Robert Matheny and/or the Harrison County Commission created an environment where Deputy Cunningham was not

adequately trained on department policies concerning de-escalation tactics, use of force, and/or use of body-worn cameras, among others yet to be identified in discovery of this matter.

81.     The Harrison County Commission acting by and through Sheriff Robert Matheny and/or other policymakers, had knowledge of the unconstitutional patterns and practices in the Harrison County Sheriff's Department and knowledge that the same gave rise to a risk of violations of citizens' federal rights.

82.     The Harrison County Commission acting by and through Sheriff Robert Matheny and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the Sheriff Department's unconstitutional patterns and practices and was deliberately indifferent to and/or tacitly authorized the same.

83.     The unconstitutional policies, practices, and customs defined herein were the moving force behind Plaintiff's injuries.

84.     Plaintiff was injured as a direct and proximate result of the acts and omissions by Sheriff Robert Matheny and the Harrison County Commission.

85.     As a direct and proximate result of the acts and omissions described herein, Plaintiff suffered compensatory and special damages as defined under federal common law and in an amount to be determined by jury.

86.     Punitive damages are available and are hereby claimed as a matter of federal law pursuant to *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading requirements, limitations, or different standard of proof set forth in W. Va. Code Section 29-12A-7.

87.     Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## Count V – 42 U.S.C. § 1983
## Canton[2] Liability

88.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

89.     The Harrison County Commission and Sheriff Robert Matheny failed to properly train or modify training to Deputy Cunningham and other deputies including, but not limited to, matters related to the reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers.

90.     Effectuating an arrest, using force to effectuate an arrest, and intervening in the observed use of excessive force is a usual and recurring situation with which Harrison County Deputy Sheriffs and other agents encounter on a regular basis.

91.     As such, the Harrison County Commission and Sheriff Robert Matheny were aware of a need for additional and specified training. The Harrison County Commission and Sheriff Robert Matheny specifically knew that Deputy Cunningham and other deputies needed training regarding the use of de-escalation tactics, use of force, and/or use of body-worn cameras, and were required to provide deputies with such training.

92.     With deliberate indifference to the rights of citizens, Harrison County Commission and Sheriff Robert Matheny failed to provide adequate training to its deputies on the use of de-escalation tactics, the use of force, and/or use of body-worn cameras.

93.     Harrison County Commission and Sheriff Robert Matheny were aware that deprivation of the constitutional rights of citizens was likely to result from lack of training and the failure to modify training.

---

[2] *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

94.     As such, the Harrison County Commission and Sheriff Robert Matheny were deliberately indifferent and exhibited reckless disregard with respect to the potential violations of constitutional rights.

95.     The Harrison County Commission and Sheriff Robert Matheny's failure to train and/or to modify training caused the acts and omissions Deputy Cunningham made toward the Plaintiff.

96.     As a direct and proximate result of the Harrison County Commission and Sheriff Robert Matheny's acts and omissions, Plaintiff suffered injuries, was unlawfully arrested and incarcerated for a manufactured crime he did not commit, and experienced pain, suffering, and humiliation.

97.     As a direct and proximate result of the acts and omissions described herein, Plaintiff suffered compensatory and special damages as defined under federal common law and in an amount to be determined by jury.

98.     Punitive damages are available and are hereby claimed as a matter of federal law pursuant to *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading requirements, limitations, or different standard of proof set forth in W. Va. Code Section 29-12A-7.

99.     Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## COUNT VI - RECKLESSNESS/MALICIOUS CONDUCT

100.    Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

101.    Deputy Cunningham acted recklessly and/or maliciously when he placed Plaintiff in a headlock and body slammed his head onto the roadside pavement while he was handcuffed and posed no threat.

102.    The malicious nature of the acts above by Deputy Cunningham are demonstrated by the threats and taunts previously described herein as well as the video of the evidence.

103.    The conduct of Deputy Cunningham was a clear violation of his duties and is actionable pursuant to W.Va. Code§ 29-12A-5.

**Prayer for Relief**

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff Joshua Chad Stickel respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses, and such other and further relief as this Court deems just and equitable. Plaintiff does not seek punitive damages from the state agency.

Plaintiff, Joshua Chad Stickel,
By Counsel:

Sam H. Harrold, III   (WV Bar #9064)

MOUNTAIN STATE LAW
306 West Main Street
Post Office Box 2330
Clarksburg, WV  26302-2330
Telephone:  (304) 715-3800
Facsimile:   (304) 884-4259

Sam@MountainStateLaw.com